UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUZETTE SLOCUM                                           CIVIL ACTION

VERSUS

JESSICA ANDERSON, ET AL.                    NO.: 17-01781-BAJ-EWD

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Partial Summary Judgment (Doc. 49)**. This motion is opposed. *See* (Doc. 50). For the reasons stated below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

On December 16, 2016, Plaintiff Suzette Slocum, an Emergency Medical Technician employed by Acadian Ambulance, was injured on the job while riding in the back of an ambulance with a patient. The ambulance was struck by a large truck operated by Defendant Jessica Anderson on behalf of Defendant XPO Express, Inc. (Doc. 49–2 at p. 32). Upon impact, Plaintiff alleges, a stretcher was knocked loose from its locking mechanism and rolled violently into her legs. (Doc. 49–1 at p. 5–6). This lawsuit followed.

Now, Plaintiff moves for partial summary judgment on the issue of liability, claiming Defendant Anderson is entirely at fault for her injuries. In support, Plaintiff offers evidence from Defendant Anderson's deposition in which she agreed that she

was at fault for causing the accident and took responsibility for it. (Doc. 49–2 at p. 33). Further, Plaintiff provides testimony from the same deposition indicating that Defendant Anderson admitted to driving too close to the ambulance. *Id.* at 28.

In response, Defendants emphasize the need to consider comparative fault and argue that Plaintiff's injuries had two possible additional causes that preclude summary judgment on the issue of liability. The first additional cause of Plaintiff's injury that Defendants allege is Plaintiff's violation of her employer's safety policy for travel in the back of the ambulance. Defendants cite an investigation of the accident that determined that the root cause of Plaintiff's injuries was her failure to comply with those policies. (Doc. 50–6, at p. 7). Second, Defendants argue that Plaintiff's injuries may have been caused by the failure of her employer's equipment and cite testimony that such a collision ordinarily should not have broken the stretcher or its locking mechanism. *Id.* at 10.

## II. LEGAL STANDARD

Summary judgment is proper if Plaintiff shows that there is no genuine dispute as to any material fact concerning liability, and that she is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding whether Plaintiff has made that showing, the Court views facts and draws reasonable inferences in Defendants' favor. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

In her Petition for Damages, Plaintiff alleges that Defendant Jessica Anderson's actions or omissions are the sole cause of her injuries and damages, constituting fault and negligence under Louisiana Civil Code Article 2315. (Doc. 1-2 ¶7). To prove a negligence claim under Louisiana law, Plaintiff must establish: (1)

2

that Defendant had a duty to conform her conduct to a specific standard, (2) that Defendant's conduct failed to conform to the appropriate standard, (3) that Defendant's substandard conduct was a cause in fact of Plaintiff's injuries (4) that Defendant's substandard conduct was a legal cause of Plaintiff's injuries, and (5) actual damages. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008).

Defendants aver that comparative fault must be assessed as part of causation, making summary judgment improper. In Louisiana, comparative fault applies "in any action for damages" brought "under any law or legal doctrine or theory of liability[.]" LA. CIV. CODE art. 2323. Comparative fault means that "100% of the causative fault for a harm must be allocated" and "each joint tortfeasor is only liable for his degree of fault." *Thompson v. Winn-Dixie Montgomery, Inc.*, 2015-0477 (La. 10/14/15), 181 So. 3d 656, 664. Articles 2323 and 2324 of the Louisiana Civil Code place Louisiana "in a pure comparative fault system." *Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism*, 2002-0563 (La. 10/15/02), 828 So. 2d 530, 535.

Louisiana's pure comparative fault system under Article 2323 requires a full apportionment of fault among all potentially reasonable parties and renders summary judgment inappropriate where reasonable minds could disagree about the apportionment of fault. *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750, 756 (5th Cir. 2017), citing *Allen v. Integrated Health Servs., Inc.*, 743 So.2d 804, 807 (La. Ct. App. 1999) ("Because we conclude that reasonable minds might differ as to the apportionment of fault under these circumstances, we hereby reverse the trial court's grant of partial summary judgment which assessed the defendants with all the fault for the accident."); *Grabowski v. Smith & Nephew, Inc.*, 149 So.3d 899, 908 (La. Ct.

3

App. 2014), *writ denied*, 159 So.3d 1057 (La. 2015) (reversing the grant of summary judgment in favor of a medical sales representative defendant because the summary judgment record revealed a genuine dispute as to a material fact as to whether he was potentially at fault).

### III. DISCUSSION

Defendants sufficiently allege material disputes of fact that provide reasonable doubt as to whether Defendant Anderson is, as Plaintiff contends, 100% at fault for her injuries. Plaintiff avers that Defendant Anderson is presumed negligent in causing the accident. (Doc. 1–2 ¶8); *Alexander v. Ford*, 03-887 (La. App. 5 Cir. 1/27/04), 866 So. 2d 890, 896 ("The following motorist in a rear-end collision is presumed to have breached this duty, and he bears the burden of exonerating himself") (citations omitted). In support, Plaintiff argues that Defendant Anderson admitted in her deposition that she was tailgating the ambulance before the accident and violated Baton Rouge City Ordinance 11:143 in doing so. (Doc. 49–1 at p. 2–3).

Additionally, Plaintiff cites to a case from the Eastern District of Louisiana, *White v. Wimberly*, where a plaintiff was awarded summary judgment on the issue of liability after having been rear-ended in a car accident. The court in *White* noted the lack of any evidence suggesting that the defendants were not solely liable. *White v. Wimberly*, No. CIV.A. 09-3152, 2010 WL 3720914, at *1 (E.D. La. Sept. 10, 2010). Even with the presumption of negligence in rear-end collisions, *White* is distinguishable. Unlike *White*, where the defendants simply argued that allocation of fault was unclear because the plaintiffs offered "no evidence to show conclusively that

4

Plaintiff was not also negligent," Defendants here do offer concrete arguments indicating a genuine dispute concerning fault apportionment.

Assuming *arguendo* that Defendant Anderson is fully at fault for causing the accident, Louisiana's pure comparative fault scheme requires the Court to consider whether any other parties could also be liable for Plaintiff's injuries. Defendants cite to several depositions that indicate Plaintiff may have failed to comply with safety standards. In her root cause analysis, Brittany Nada Thompson, the personnel lead investigator at Acadian Ambulance, initially concluded that Plaintiff's failure to wear a seatbelt, as is required by Acadian's safety guide (which would have been distributed to any employee in the ambulance) was the cause of Plaintiff's injuries. (Doc. 50–6 at p. 7–9).

Further, Defendants' argument that that Plaintiff's employer may be at least partially at fault raises material doubt as to how liability should be apportioned. Acadian's Director of Fleet Operations, Trampus Gaspard, testified that the stretcher or its locking mechanism should not have broken loose as a result of this accident. *Id.* at 10. Although Defendants concede that Plaintiff's employer may be statutorily immune from negligence, the Court agrees that Plaintiff's employer's fault, if any, must be properly evaluated. Each of Defendants' arguments is enough to raise material doubt as to whether fault for Plaintiff's injuries can be fully apportioned to Defendant Anderson.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Partial Summary Judgment (Doc. 49)** is **DENIED**.

Baton Rouge, Louisiana, this 12th day of February, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA