UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUZETTE SLOCUM** | **CIVIL ACTION** |
| **VERSUS** | |
| **JESSICA ANDERSON, ET AL.** | **NO. 17-01781-BAJ-EWD** |

<u>**ORDER**</u>

Before the Court is **Plaintiff's Motion in Limine (Doc. 81)**. The Motion is opposed. (Doc. 88). For the following reasons, Plaintiff's Motion is **DENIED**.

## I.   PROCEDURAL HISTORY

> Motions in limine are not favored in this Court. Virtually any objection to the admissibility of evidence can and should be handled in the old-fashioned way, to wit: counsel objecting at the time the evidence is offered, thereby allowing the Court to rule on the objection in the context of the trial. In limine relief is warranted only in unusual situations, such as a matter so explosive or so incendiary that sustaining an objection in the routine way may not be sufficient to overcome the risk of undue prejudice.

*Louis Vuitton Malletier v. Eisenhauer Rd. Flea Mkt., Inc.*, No. SA-11-CA-124, 2012 WL 13034079, at *1 (W.D. Tex. Jan. 4, 2012)

Against this background, the Court shall consider the items in Plaintiff's motion.

Plaintiff seeks to exclude the introduction of nine categories of evidence: (1) collateral source evidence; (2) the circumstances under which Plaintiff hired legal counsel; (3) evidence about whether Plaintiff's recovery, if any, would be subject to federal income taxation; (4) evidence related to the filing of "this Motion in Limine or to any other ruling by the Court in response to this or any other motion."; (5) Defense

counsel's personal opinions about Plaintiff's case; (6) improper character evidence; (7) evidence of Plaintiff's personal habits; (8) questioning of lay witnesses that elicit expert opinions; and, (9) evidence related to whether insurance rates or premiums may raise depending on the amount the jury awards the Plaintiff. (Doc. 81). Of these categories, Plaintiff Defendants oppose Plaintiff's Motion, both on the merits and on the basis that "Plaintiff's Memorandum in Support of her Motion in Limine fails to specify the records and/or testimony sought to be excluded from evidence at the trial of this matter." (Doc. 88, p. 1).

## II. LEGAL STANDARD

Generally, "a court should exclude evidence in limine only when it is clearly inadmissible on *all* potential grounds." *Tucker Mgt., LLC v. United Natl. Ins. Co.*, No. 13-CV-60026-JWD-RLB, 2016 WL 8261722, at *2 (M.D. La. July 8, 2016) (citing *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010)). "Accordingly, the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded. . . . [E]videntiary rulings, especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2019 WL 1028530, at *1 (N.D. Miss. Mar. 4, 2019) (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013)).

## III. ANALYSIS

### A. Categories of Evidence Sought to be Excluded, But Not

2

**Accompanied by Supporting Memoranda**

Although Plaintiff seeks to exclude nine categories of evidence, Plaintiffs only provided support in an accompanying memoranda for five: collateral source evidence, circumstances for hiring attorneys, orders of the court, insurance premiums and/or rates, and "failure of plaintiff to have seat belt secured." (Doc. 81-1).

Local Rule 7(d) provides that "[a]ll contested motions must be accompanied by separate memoranda which must contain a concise statement of reasons supporting the motion and citations of authorities." Federal Rule 83(a)(1) permits the Court to establish local rules. A valid local rule has the force of law. *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Jetton v. McDonnell Douglas Corp.*, 121 F.3d 423, 426 (8th Cir. 1997). Litigants "are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law." *Jetton*, 121 F.3d at 426. Generally, "[c]ourts have broad discretion in interpreting and applying their own local rules," *Matter of Adams*, 734 F.2d 1094, 1102 (5th Cir. 1984), and a party that "fails to comply with the Local Rules does so at his own peril." *Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 537 (E.D. Tex. 2000).

The failure of Plaintiff to provide factual or authoritative support for her motion in a supplemental memoranda in violation of the local rules prevents the Court from properly considering whether these five categories of evidence should be excluded. Further, the evidence sought to be excluded—evidence about whether Plaintiff's recovery, if any, would be subject to federal income taxation; Defense counsel's personal opinions about Plaintiff's case; improper character evidence; evidence of Plaintiff's personal habits; and questioning of lay witnesses that elicit

3

expert opinions—are too general for the Court to make a determination as to their admissibility at this time.

> [T]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, Civil Action No.: 1:18-CV-177-SA-DAS, 2021 WL 261671, * 1 (N.D. Miss. Jan. 26, 2021) (quotation omitted).

Here, Plaintiff simply requests that the Court reiterate matters set forth in the Rules of Evidence. Namely, that the Court will exclude evidence of the character of a witness unless it is admitted pursuant to Federal Rules of Evidence, that the Court will limit the testimony of non-expert witnesses to the boundaries of Rule 701, and that the Court will not include testimony not relevant to the matter in violation of Rule 401. The Court finds that ruling on the admissibility of these categories of evidence should be deferred until trial, if any such evidence is offered and objections are asserted, so that such matters may be considered in context. Accordingly, Plaintiff's Motion to exclude the five, unbriefed categories of evidence is denied, without prejudice. Plaintiff may re-urge any relevant objections at trial.

### B. Collateral Source Evidence

Plaintiff argues that she "has received Medicare/Medicaid payments as well as insurance or other benefits," related to this action, and seeks an Order prohibiting the Defendants from referring to this collateral source evidence during trial. (Doc. 81-1, p. 1). Defendants argue that, to the best of their knowledge, Plaintiff has

4

received no collateral source funds except for those paid by MedPort LA, LLC. (Doc. 88, p. 1). Defendants, in an abundance of caution, oppose the introduction of evidence charged by her medical providers, but not paid by Plaintiff. (*Id.*).

The Court addressed the parties' arguments related to the collateral source rule in its Ruling and Order denying Defendants' Motion in Limine. *See* (Doc. 96). Therefore, Plaintiff's Motion is denied, without prejudice, for the reasons previously provided.

### C. Circumstances for Hiring Attorneys

Plaintiff argues that the time and circumstances under which she hired attorneys "has no relevance to this proceeding whatsoever," and that because "[whatever probative value such evidence could possible have is greatly outweighed by the chance of unfair prejudice" the evidence should be excluded at trial. (Doc. 81-1, p. 2). Defendants assert that this information is relevant to Plaintiff's credibility and the interest that her treating physicians have in the outcome of her case. (Doc. 88, p. 7). Specifically, Defendants argue that Plaintiff's credibility "can be challenged on the basis that she had no reason to seek medical treatment until after being directed to do so by her attorney." (*Id.*).

Although the Court recognizes Plaintiff's concern as to the admission of evidence related to the circumstances under which she hired counsel, the Court cannot find, without the benefit of considering the issue in the applicable context, that such evidence is clearly inadmissible on *all* potential grounds. *See Tucker*, 2016 WL 8261722, at *2 ("a court should exclude evidence in limine only when it is clearly inadmissible on *all* potential grounds."). Accordingly, while the Court

5

generally disfavors such evidence, the Court finds that ruling on the admissibility of this evidence should be deferred until trial. Doing so will afford the Court an opportunity to properly evaluate the relevancy and potential prejudice of the evidence.

### D. References to Previous Orders of the Court

Plaintiff seeks to prohibit Defendants "from referencing in opening or closing statements any Orders of this Court." (Doc. 81-1, p. 2). Plaintiff cites to Louisiana Code of Evidence Articles 401 and 403 for support. The Court first notes that "questioning concerning the admissibility of evidence in federal court are governed by the Federal Rules of Evidence"—not the Louisiana Code of Evidence. *Dawsey v. Olin Corp.*, 782 F.3d 1254, 1262 (5th Cir. 1986). Second, the equivalent rules in the Federal Rules of Evidence do not categorically prevent reference to previous orders of the Court. Third, and finally, Plaintiff again seeks to exclude a broad category of evidence, rather than identifying a specific Order or Motion that will likely be introduced at trial. The Court will not exclude evidence on the basis of so general a motion. *See Brossette v. Swift Transp. Co.*, No. CIV.A. 07-0888, 2008 WL 4809651, at *1 (W.D. La. Oct. 30, 2008) ("The Court will not categorically exclude Defendants' discovery responses on the basis of so 'general' a motion.") Plaintiff may re-urge her objection with specificity at trial.

### E. Insurance Premiums

Plaintiff argues that Defendants should be prohibited from presenting arguments that "insurance rates or premiums may or may not increase dependent upon the amount a jury awards to the plaintiff" as these arguments might be

6

prejudicial. (Doc. 81, p. 3). Plaintiff argues that "insurance companies often make such references during arguments in their opening and closing statements." (Doc. 81-1, p. 2). Defendant notes that there are no insurance company defendants involved in this matter, and that Plaintiff has not specifically identified any witness or exhibit to be excluded.

Because Plaintiff again seeks to exclude a broad category of evidence, rather than identifying a specific issue that will likely arise at trial, Plaintiff's Motion as to this category of evidence is denied, without prejudice. Plaintiff may re-urge her objection with specificity at trial.

### F. Failure of Plaintiff to Have Seat Belt Secured

Plaintiff seeks an Order prohibiting the defendants from eliciting evidence of whether Plaintiff had her seat belt secured, "either orally or through the introduction of documentary evidence." (Doc. 81-1, p. 2). Plaintiff cites to no authority to support her contention that this evidence is inadmissible on all potential grounds, in violation of Local Rule 7(d). Defendants argue that they seek to introduce this evidence to demonstrate that Plaintiff "failed to exercise reasonable care by failing to comply with her employer's safety policies." (Doc. 88, p. 1).

While the lack of support alone is sufficient to deny Plaintiff's motion, the Court also previously held in its Ruling and Order denying Plaintiff's Motion for Partial Summary Judgment, (Doc. 54), that "Louisiana's pure comparative fault scheme requires the Court to consider whether any other parties could also be liable for Plaintiff's injuries." (Doc. 54, p. 5). This includes reviewing Plaintiff's own conduct. Therefore, the issue of whether Plaintiff failed to wear her seatbelt in violation of

7

Louisiana law and her employer's policy may be relevant to an analysis of comparative fault. Plaintiff's Motion to exclude this category of evidence is denied.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine (Doc. 81) is **DENIED**.

Baton Rouge, Louisiana, this 19th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**